CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
QM
JUL 19 2005

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SAMUEL MARCELLUS ESSER,     )
       Petitioner,            )     Civil Action No. 7:04-cv-00645
                            )
v.                            )     **MEMORANDUM OPINION**
                            )
GENE JOHNSON, DIRECTOR,     )     By: Hon. Jackson L. Kiser
       Respondent.          )     Senior United States District Judge

Petitioner Samuel Marcellus Esser, a Virginia inmate, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Esser challenges the validity of his confinement pursuant to the judgment of the Circuit Court of Frederick County, convicting him of one count of rape, two counts of object sexual penetration, and three counts of forcible sodomy. The respondent has filed a motion to dismiss to which petitioner has responded, through counsel,[1] making the matter ripe for the court's consideration. Upon review of the record, I conclude that the motion to dismiss must be granted.

I.

Esser stands convicted of raping and otherwise engaging in sexual activity with Amy McFarland on March 22, 1999. In addressing Esser's appeal, the Court of Appeals of Virginia summarized the evidence presented at Esser's February 8-9, 2000, jury trial, "viewed in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom":

> [T]he evidence proved the victim was twenty years old at the time of the trial. She has atactic cerebral palsy and, at the time of the offense, she weighed about sixty-five pounds. On March 22, 1999, the victim had been with her aunt, her cousin, and [Esser], who is her aunt's boyfriend. The victim was left alone with [Esser] for a short time while her aunt and cousin went to get pizza.
> [Esser] locked the door to the residence. [Esser], who was only wearing boxer shorts, sat next to the victim on the couch. The victim moved away from him, and [Esser] moved toward her. The victim testified [Esser] "grabbed [her] legs" and laid her down. She asked what he was doing, and he replied, "You'll see." He spread her legs apart and removed her pants and underwear. The victim

---

[1]Esser prepared and filed his petition pro se, but Attorney Mary Burnett Hatch entered an appearance to represent him in responding to the motion to dismiss.

1

testified she said, "No." However, [Esser] placed his finger into her vagina and her anus, then he placed his penis into the victim's vagina and anus. The victim testified [Esser] said, "You like it both ways don't you?" The victim stated it hurt when [Esser] performed these acts, and she bled afterwards.

The victim also testified [Esser] forced her to put his penis into her mouth, and [Esser] placed his tongue into her vagina. The victim testified she was scared and anxious during the incident. She also stated that [Esser] told her not to tell anyone about the incident or she would "regret it."

Brenda Adams, a forensic nurse examiner, examined the victim on March 24, 1999.[2] She testified the victim's hymen was "very injured," bruised, and swollen. The victim also had a tear from the vaginal opening to the posterior forchette. The nurse saw evidence of bleeding in the victim's genital area. The victim's anal folds were also swollen and irregular. The nurse testified the injuries were consistent with blunt force penetrating trauma and the absence of the human sexual response. The nurse also examined the victim two weeks later, and she testified the bruising and redness were gone, and the laceration had healed.

Investigator William Pifer interviewed the victim's aunt, Bonnie Miller, on March 31, 1999. He stated that Miller told him she confronted [Esser] concerning the victim's allegations. [Esser] first denied everything, then told Miller that he only placed his finger into the victim's anus. He later changed his story and told Miller the victim wanted him to have sex with her, but he refused. Miller told Pifer she knew [Esser] was lying, and she threw him out of her residence. Miller testified at trial, and she denied telling the investigator that [Esser] made those statements.

[Esser] testified at the trial, and he denied he committed the offenses.

. . . .

The victim testified at the trial that she was a virgin and she never had boys visit her at her home while she was alone.

Opinion issued May 10, 2001, Record No. 2327-00-4 at 2-4. After hearing the evidence, the jury found Esser guilty on all counts and recommended a total sentence of 140 years imprisonment.

In March 2001, Esser filed a motion to set aside the jury verdict and award a new trial on the grounds that (1) the trial court permitted Mary McFarland, the mother of the alleged victim, to testify fully to the alleged details of the alleged rape as reported to her by the victim (the

---

[2]The victim did not report the sexual offenses immediately and stayed at her aunt's house (in the presence of the defendant) until her mother came to pick her up some time later. She hugged and kissed Esser goodbye on the cheek. Tr. at 77-78. On March 24, 1999, two days after the sexual assaults, when the victim's mother told her that she was going to work, the victim began to "cry hysterically because she was afraid [her mother] was going to put her back in the same environment." Tr. at 92-93. At that point, the victim told her mother that she might be pregnant and then said, "Mommy, my uncle Sam raped me." Tr. at 92. At trial, the mother described these events and also related the victim's description of the rape and other sexual assaults. Tr. at 92-95. Defense counsel objected to the mother's testimony about the victim's statements as inadmissible hearsay, Tr. at 81-82, 333-35, 347-48, but the trial court found that the testimony was admissible under the "excited utterance" exception, as did the appellate courts.

2

"excited utterance" issue) and (2) that the court erred in failing to strike the Commonwealth's case as inherently incredible. The second ground relied on newly discovered evidence that "the victim had allegedly told her cousin that she had had 'sex with boys' and she had been alone with boys in her bedroom." Id. at 4. The cousin, Michelle Proctor, testified that the victim had told her she had a boyfriend and "had sex before" and that Esser did not make her [the victim] "do oral sex on him." Id. at 5. The victim testified that she had not made such statements, but that the witness may have misunderstood her when she spoke about the incident. Id. The court specifically found that the victim is sometimes "difficult to understand" because of the cerebral palsy. Id. The court denied the motion for new trial and on August 29, 2000, the court imposed the jury's recommended sentences totaling 140 years, but suspended 120 years, leaving Esser with an active sentence of twenty years to serve and ten years of supervised probation upon his release.

Esser appealed his conviction. The Court of Appeals of Virginia denied the majority of his appeal by opinion dated May 10, 2002, including his claim of insufficient evidence, but granted an appeal on the "excited utterance" issue. The Court of Appeals addressed this issue by published opinion dated July 30, 2002, and affirmed Esser's convictions. The Supreme Court of Virginia denied his subsequent appeal on December 16, 2002. Esser then filed a petition for writ of habeas corpus in the Supreme Court of Virginia on October 16, 2003, which that court denied in 2004.

Esser then submitted his timely federal habeas petition in which he alleges the following grounds for relief:

1.  Trial counsel was ineffective for failing to "overcome a *prima facie* case, absent a *de facto* admission by petitioner";

2.  Trial counsel was ineffective for failing to adequately impeach the complaining witness' credibility given her inherently incredible testimony;

3.  Trial counsel was ineffective for failing to investigate the complaining witness' alleged mental deficiency and its relationship to her credibility;

4.  Trial counsel was ineffective for failing to argue adequately regarding a hearsay issue;

3

5.      Trial counsel was ineffective for failing to file timely subpoenas duces tecum to obtain various written records related to the complaining witness;

6.      Trial counsel was ineffective for failing to retain a rape trauma expert to rebut the testimony of the Commonwealth's expert, Brenda Adams;

7.      Trial counsel was ineffective for failing to investigate and interview potential witnesses who had exculpatory evidence;

8.      Trial counsel was ineffective for failing to object to prejudicial hearsay testimony by Mary McFarland, the victim's mother, which did not fall within the "excited utterance" exception to hearsay;

9.      The trial court erred in failing to strike the Commonwealth's evidence based on the inherently incredible testimony of the victim;

10.      The trial court erred in allowing the prosecutor to refer to the 20-year-old victim as a child;

11.      The Commonwealth deliberately withheld exculpatory evidence that the victim was rape-prone and had suffered bouts of schizophrenia which may cause instances of fabricated scenarios;

12.      The Commonwealth engaged in misconduct by asking the trial court to admit the "excited utterance" testimony;

13.      The Commonwealth engaged in misconducts related to the victim's disabilities and age; and

14.      Appellate counsel was ineffective for failing to raise certain issues on appeal.

## II.

Respondent concedes that Esser has satisfied the §2254(b) requirement of exhaustion of state court remedies. Esser presented some version of all of his claims to the Supreme Court of Virginia, either during direct appeal proceedings or in state habeas proceedings. To the extent that the state courts' adjudicated Esser's claims on the merits, this court must review Esser's petition under the standards set forth in 28 U.S.C. §2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section §2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; that application must also be unreasonable. Williams v. Taylor, 529 U.S. 362, 411 (2000).

## A.

In addressing Esser's claims of ineffective assistance of counsel, the Supreme Court of Virginia applied the two-part test defined by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), that a habeas petitioner must meet to prevail in a claim of ineffective assistance of counsel. Petitioner must demonstrate by a preponderance of the evidence that counsel acted outside the range of professionally competent assistance and that as a result, petitioner was prejudiced. Id. at 687-88. The court must presume that counsel acted according to a reasonable trial strategy formulated in light of counsel's perspective at the time of trial. Id. To show prejudice, petitioner must demonstrate that but for counsel's deficient conduct, the outcome would have been different. Id. at 694-95. Unless petitioner satisfies both prongs of the Strickland test, his claims of ineffective assistance fail. Id. at 697.

Claim 1 alleges that counsel was ineffective because he failed to "overcome a prima facie case," contending that the record was "devoid of evidence" linking Esser to any sexual activity with the victim and that counsel "made only [feeble] attempts to strike the evidence." During habeas proceedings, the Supreme Court of Virginia denied relief on Claim 1 under both prongs of Strickland upon finding that counsel's actions were neither deficient nor prejudicial. The court noted that counsel moved to strike the evidence and presented rebuttal witnesses, including

5

an expert witness, in effort to undermine the victim's credibility.[3] The court also noted that evidence of the victim's sexual activities with other men would have been inadmissible under Virginia law. Besides the victim's testimony, the Commonwealth presented physical evidence of trauma to the victim's genital and rectal areas, expert testimony that she suffered from post-traumatic stress syndrome, and testimony from an investigator that the defendant and his girlfriend had given inconsistent statements. Thus, the record was clearly not "devoid of evidence" as Esser and his current counsel allege.

The Supreme Court of Virginia also denied relief as to the portion of Claim 1 and Claim 4 alleging counsel's ineffectiveness for failing to offer effective argument against the Commonwealth's introduction of the hearsay testimony from the victim's mother. The record establishes that counsel raised objections to the admission of this testimony and pursued the issue on direct appeal. The Court of Appeals of Virginia and the Supreme Court of Virginia ultimately denied relief on the claim. The state habeas court found counsel's strategy and arguments related to the "excited utterance" issue to be reasonable and found no reasonable probability that more or different arguments or motions on the issue (such as a motion in *limine*) would have affected the outcome.[4] I agree that counsel's efforts were reasonable under the circumstances. The mere fact that counsel's objections and arguments did not succeed fails to prove ineffectiveness. Thus, I cannot find that the Virginia courts' disposition of Claims 1 and 4 was contrary to, or an reasonable application of, Strickland as established federal law, or that these courts based their findings on an unreasonable determination of facts. Therefore, under §2254(d), I must grant the motion to dismiss as to Claims 1 and 4.

In Claim 2, Esser complains that counsel was ineffective for failing to impeach

---

[3]Esser asserts that the victim must have incurred the injuries to her genitals during a sexual encounter earlier in the day with another person. Other than speculation, Esser offers no evidence to support this theory.

[4]The record regarding counsel's actions in this case clearly belies Esser's claim that counsel failed to provide representation so as to deny him counsel, pursuant to United States v. Cronic, 466 U.S. 648 (1984).

6

adequately the victim's "inherently incredible testimony." The Supreme Court of Virginia, relying on the record, found that counsel acted reasonably, that he "thoroughly cross-examined the victim and presented several witnesses in an attempt to undermine the victim's credibility, including an expert who stated the victim's behavior was inconsistent with the normal behavior of rape victims." Accordingly, the Supreme Court found counsel's actions to be neither deficient nor prejudicial. The record reflects that counsel argued extensively that the victim's testimony was "inherently incredible," based on her behavior after the rape and assaults occurred, the extent of injury, and other evidence. Tr. at 141-42, 256-58. The record also reflects that counsel's restrained cross-examination of the state's expert regarding the extent of the victim's physical injuries was fully consistent with his reasonable trial strategy of showing that Esser did not commit the crimes and avoiding overemphasis of the expert's testimony.[5] As I find counsel's actions to be professionally reasonable, I cannot find that the state court's application of Strickland was unreasonable and must grant the motion to dismiss as to Claim 2, pursuant to §2254(d).

Claim 3 alleges that counsel was ineffective for failing to investigate the victim's mental deficiencies to see if they made her "rape prone" or otherwise affected her credibility. As the Supreme Court of Virginia noted, counsel moved to have the victim examined by a doctor, to depose her, and to obtain gynecological and obstetrical records, but the trial court denied these motions. Based on these facts and counsel's use of a licensed clinical psychologist to challenge the victim's credibility as a rape victim, the state court found that counsel's actions were neither deficient nor prejudicial under Strickland. Esser failed to present to the state court, as he fails to present here, any evidence whatsoever to support his theory that the victim's mental or medical

_____

[5]The Supreme Court of Virginia did not expressly discuss the portion of Claim 2 that alleged ineffective cross-examination of Brenda Adams, but dismissed the entire claim as without merit under Strickland. As I cannot find this disposition to be an unreasonable application of federal law, I will grant the motion to dismiss as to Claim 2 in its entirety. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (finding that summary state court decision adjudicating habeas claim on merits is entitled to deference under §2254(d)).

Case 7:04-cv-00645-JLK-mfu   Document 24   Filed 07/19/05   Page 7 of 13   Pageid#: 111

problems made her prone to complain falsely of being raped. Indeed, he himself alleges that the only other time the victim accused someone of sexually assaulting her, the defendant (her bus driver) pled guilty to assault and battery. I cannot find that the state court's disposition of this claim was contrary to, or an unreasonable application of, Strickland, or that it was based on an unreasonable determination of facts. Pursuant to §2254(d), I must grant the motion to dismiss as to Claim 3.

Esser alleges in Claim 5 that counsel should have subpoenaed the victim's criminal and academic records as well as medical and psychiatric records. The Supreme Court of Virginia dismissed this claim under both prongs of Strickland. The victim did not have a criminal record, and the Commonwealth produced evidence of her medical conditions.[6] Furthermore, Esser did not allege to the state court (or this court) "the content of these records or how they would have been helpful to his defense." As such, the state court found no deficient performance or prejudice, and I reach the same conclusion. Therefore, I must grant the motion to dismiss as to Claim 5, pursuant to §2254(d).

In Claim 6, Esser faults counsel for not obtaining an expert in rape trauma to rebut the Commonwealth's expert, Brenda Adams. Once again, the state court found no deficient performance or prejudice under Strickland. The court found that counsel's decision not to hire such an expert was a reasonable strategy, based on the trial court's denial of counsel's motion for a physical examination of the victim. Counsel's questioning of Adams on cross-examination focused on the absence of DNA evidence and other issues supporting Esser's defense that he had not had sexual relations with the victim. Counsel reasonably believed that presentation of a defense expert on rape trauma would only have "emphasized the brutality of the acts." Moreover, Esser does not allege facts indicating that a rape trauma expert would support Esser's own theories that the physical trauma the victim suffered was inconsistent with her allegations

_____

[6]Counsel also describes his reasonable strategy of avoiding presenting evidence of the victim's medical conditions.

8

that he penetrated her vagina and rectum with his penis or that her injuries were consistent with normal sex.[7] Esser thus fails to demonstrate deficient performance or any reasonable possibility that absent counsel's error, the outcome would have been different.[8] As I cannot find the state courts' disposition of this claim to be contrary to, or an unreasonable application of, Strickland, I must grant the motion to dismiss as to Claim 6, pursuant to §2254(d).

In Claim 7, Esser faults counsel for failing to interview the victim's "boyfriend" and another male acquaintance who testimony would allegedly have demonstrated that the victim was dishonest, unchaste, and capable of more physical movement than she showed the jurors. Trial counsel states that he did interview many witnesses, including the two young men Esser mentions, and presented all witnesses whom he believed could offer favorable testimony. Counsel states that both young men denied having sexual encounters with the victim. Based on counsel's affidavit and Virginia's Rape Shield statute, the Supreme Court of Virginia found this claim deficient under both prongs of Strickland. Trial counsel impeached the victim's credibility effectively in other ways, and the rape shield law specifically excludes testimony regarding a victim's "unchaste" character. Hoke v. Commonwealth, 377 S.E.2d 595 (Va. 1989). I cannot find that the state court's disposition of this claim was contrary to, or an unreasonable application of, federal law and so I must grant the motion to dismiss as to Claim 7, pursuant to §2254(d).

III.

In Claim 8, Esser asserts that the court erred in admitting the mother's hearsay testimony. Esser raised this claim on direct appeal and then again in his state habeas petition. Because the

---

[7]The record itself offers scant support for Esser's theories. The victim's testimony is not inconsistent with only slight penetration by the defendant's penis. See, e.g., Tr. at 262 (jury instruction: "To be sodomy, there must be penetration, no matter how slight into the anus of another"). Moreover, Adams testified that the victim's injuries were consistent with the absence of any human sexual response from the victim. Tr. at 123-24.

[8]Esser alleges that counsel should have stipulated that Brenda Adams, the Commonwealth's medical witness, was qualified as an expert instead of allowing her to testify at length about her experience and education. Counsel made a reasonable strategic decision here, as neither the Commonwealth nor the court is required to accept such stipulations. See Medici v. Commonwealth, 532 S.E.2d 28 (Va. 2000).

9

state courts adjudicated this claim on the merits, this court can also address it, pursuant to §2254(d).

The admissibility of hearsay evidence under state law does not present a federal habeas corpus claim. See Estelle v. McGuire, 502 U.S. 62 (1991). Thus, Esser is not entitled to relief on Claim 8 absent a showing that the admission of the hearsay testimony into evidence created "circumstances impugning fundamental fairness or infringing specific constitutional protections." Spencer v. Murray, 5 F.3d 758 (4th Cir. 1993). Because the mother's testimony about the victim's out-of-court statements mirrored the victim's own testimony, which was also corroborated by physical evidence, I cannot find that admission of the mother's cumulative testimony presents a claim cognizable in this federal habeas proceeding.. See also Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)(to obtain habeas relief, petitioner must show constitutional error at trial had "substantial and injurious effect" on verdict or error is harmless and does not merit relief).

Esser's habeas counsel argues that admission of the mother's hearsay testimony violated the Confrontation Clause, pursuant to the recent Supreme Court decision in Crawford v. Washington, 541 U.S. 36 (2004). The phrase "established" federal law in §2254(d) refers only to Supreme Court precedent in existence at the time of the petitioner's conviction. See Daniels v. Lee, 316 F.3d 477, 492-93 (4th Cir. 2003); Muhleisen v. Ieyoub,168 F.3d 840, 844 (5th Cir.1999). Crawford was decided in March 2004, long after Esser's 2002 conviction. Even assuming that Esser had presented a Confrontation Clause argument to the state courts, he has not shown that the state court disposition of the claim was unreasonable in any respect under then-established federal law, as required for relief under §2254(d). Based on the foregoing, I must grant the motion to dismiss as to Claim 8, pursuant to §2254(d).

Claim 9 asserts that the trial court should have struck the victim's testimony as inherently incredible. Esser presented this claim in his appeal petition to the Court of Appeals of Virginia, but failed to include it in his subsequent appeal to the Supreme Court of Virginia. In addressing

10

the claim during habeas proceedings, the Supreme Court of Virginia found the claim barred under Henry v. Warden, 576 S.E.2d 495 (Va. 2003) upon finding that the issue was improperly raised in habeas proceedings because it was raised and decided in the trial court and on direct appeal. In Henry, the Supreme Court of Virginia reaffirmed the holding in Slayton v. Parringan, 205 S.E.2d 680 (Va. 1974), which held that a petition for a writ of habeas corpus may not be employed as a substitute for an appeal. A federal habeas court may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule. Reid v. True, 349 F.3d 788 (4th Cir. 2003). An exception exists when the petitioner can show cause for the default[9] and resulting prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice.[10] Harris v. Reed, 489 U.S. 255, 262 (1989). The United States Court of Appeals for the Fourth Circuit has held that the rule in Slayton is an adequate and independent state procedural rule to bar federal habeas relief. Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Because Esser did not fully litigate Claim 9 in direct appeal proceedings and the Supreme Court of Virginia dismissed the claim pursuant to an independent and adequate state procedural rule, I find that Esser's Claim 9 is procedurally defaulted. Thus, absent a showing of cause and prejudice or a miscarriage of justice, he is procedurally barred from federal habeas review of this claim on the merits.

As cause to excuse his default, Esser argues in Claim 14 that appellate counsel provided

---

[9]"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

[10]The Supreme Court has held that to prove a "miscarriage of justice" sufficient to excuse procedural defaults of constitutional claims, petitioner must show that "it is more likely than not that no reasonable juror would have convicted him" of the underlying crime if jurors had received specific, reliable evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998), citing Schlup v. Delo, 513 U.S. 298, 327 (1995). Proof of "actual innocence" under Bousley/Schlup would serve as a gateway through which a habeas petitioner could have his otherwise procedurally barred, constitutional claims considered on the merits. Although Esser repeatedly asserts that he is actually innocent of the crimes for which he is convicted, he does not present new evidence or otherwise meet the Bousley/Schlup standard. Therefore, I cannot find a miscarriage of justice in this case sufficient to circumvent Esser's procedural defaults.

11

ineffective representation in failing to argue certain issues, including Claim 9, on appeal to the Supreme Court of Virginia. The selection of issues to raise on appeal is a matter of trial strategy, left to counsel's discretion, and counsel is not per se ineffective for failing to raise all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). To show ineffectiveness on appeal, petitioner must meet the two-prong Strickland test. Id. In habeas proceedings, the Supreme Court of Virginia dismissed Claim 14 under Strickland and Jones, noting that Esser failed to "state with particularity what arguments counsel should have made or why appellate counsel's decisions were unreasonable." I cannot find that the state court's disposition of Claim 14 was contrary to, or an unreasonable application of, established federal law and must deny relief on this claim, pursuant to §2254(d). As such, I also cannot find that Esser has established "cause" to excuse his procedural default of Claim 9 on appeal to the Supreme Court of Virginia. Therefore, I will grant the motion to dismiss as to Claims 9 and 14.

During habeas proceedings, the Supreme Court of Virginia found that Claims 10, 11, and 13 were procedurally barred from habeas review under Slayton because they could have been raised on direct appeal. As stated, Slayton is an adequate and independent state procedural ground to bar federal habeas review, and Esser fails to excuse his failure to raise these issues on appeal. Accordingly, I will grant the motion to dismiss as to Claims 10, 11,[11] and 13.

In Claim 12, Esser asserts that the prosecutor committed misconduct by moving the court to admit hearsay testimony from the victim's mother under the "excited utterance" exception in order to rehabilitate the victim's inherently incredible testimony. The Supreme Court of Virginia dismissed this claim as improperly raised on habeas review because Esser had litigated the issue at trial and on appeal. Because Esser thus exhausted his state court remedies as to this claim on direct review, I may address it here on the merits. See Ramdass v. Angelone, 187 F.3d 396, 402

---

[11]Moreover, Claim 11 fails on the merits. The respondent presents an unrebutted affidavit from the Commonwealth's attorney, stating that the Commonwealth had no knowledge of any evidence indicating that the victim had a propensity to fabricate claims of sexual assault, as Esser alleged in Claim 11.

12

(4th Cir. 1999). The trial and appellate courts found that the mother's "excited utterance" testimony was properly admitted under state law. Therefore, I cannot find that Esser has demonstrated prosecutorial misconduct in seeking its admission. Moreover, as discussed, the "excited utterance" testimony was, at most, cumulative of the victim's own testimony. Thus, I cannot find that its admission had any constitutionally significant effect on the verdict so as to entitle Esser to federal habeas relief. Brecht, 507 U.S. at 637. See also, e.g., Darden v. Wainwright, 477 U.S. 168, 181 (1986) (finding that to prevail on prosecutorial misconduct claim, habeas petitioner must demonstrate that prosecutor's acts "so infected the trial with unfairness as to make the resulting conviction a denial of due process"). I will grant the motion to dismiss as to Claim 12.

III.

In conclusion, I find that Esser fails to establish that he is entitled to habeas relief under §2254, and as such, that the motion to dismiss must be granted. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Id. Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days. The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the parties.

ENTER: This 19th day of July, 2005.

Senior United States District Judge

13